**No. 47546.**—Protest 961691–G of Sprouse Reitz Co., Inc. (San Francisco).

Opinion by OLIVER, P. J. At the trial it was stipulated that the banks in question are the same in all material respects as those the subject of Abstract 42749. In accordance therewith they were found to be dutiable as hollow ware at 40 percent under paragraph 339. This claim not having been made, the protest was overruled without affirming the action of the collector.

**No. 47547.**—Protest 49931–K of Illfelder Importing Co., Inc. (New York).

Opinion by OLIVER, P. J. At the trial the protest was submitted on the collector's letter which states that the merchandise in question is confined to the "police whistles" which are chiefly used by adults and which constitute one-half the value of the merchandise contained in the invoice. The police whistles in question were therefore held dutiable at 45 percent under paragraph 397 as claimed.

**No. 47548.**—Protest 69160–K of B. R. Anderson & Co. (Seattle).

Opinion by OLIVER, P. J. At the trial it was stipulated that the merchandise in question consists of crude drugs, free of duty under paragraph 1669, and drugs advanced in value, dutiable at 10 percent under paragraph 34, and that the separate values and quantities of each are not readily ascertainable. In accordance with said stipulation and in view of the fact that there was no compliance with section 508 all of the merchandise in question was held dutiable at 10 percent under paragraph 34 as drugs advanced in value. Abstract 46922 cited. Protest sustained in part and collector's decision reversed.

**No. 47549.**—Protests 36052–K, etc., of H. A. Pyhrr et al. (New York).

Opinion by WALKER, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.